IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CLARA GOVACHINI, )
)
      Plaintiff, )
)
      v. ) Civil Action No. 17-1196
)
COMMISSIONER OF SOCIAL SECURITY, )
)
      Defendant. )

**O R D E R**

AND NOW, this 26th day of September, 2018, upon consideration of Defendant's Motion for Summary Judgment (Doc. No. 11) filed in the above-captioned matter on February 5, 2018,

IT IS HEREBY ORDERED that said Motion is DENIED.

AND, further, upon consideration of Plaintiff's Motion for Summary Judgment (Doc. No. 9) filed in the above-captioned matter on January 5, 2018,

IT IS HEREBY ORDERED that said Motion is GRANTED. This matter is hereby remanded to the Commissioner of Social Security ("Commissioner") for further evaluation under sentence four of 42 U.S.C. § 405(g) in light of this Order.

**I.**     **Background**

Plaintiff, Clara Govachini, filed a claim for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-1383f, effective October 31, 2013, claiming that she became disabled on October 23, 1995, primarily due to learning problems, autism, and various autism-related conditions. (R. 16, 76, 126, 139). After being denied initially on March 28, 2014, Plaintiff sought, and obtained, a hearing before an Administrative Law Judge ("ALJ") on February 18, 2016. (R. 35-60, 77-80, 81-83). In a decision dated May 4, 2016, the

ALJ denied Plaintiff's request for benefits. (R. 16-30). The Appeals Council declined to review the ALJ's decision on July 17, 2017. (R. 1-5). Plaintiff filed a timely appeal with this Court, and the parties have filed cross-motions for summary judgment.

## II. **Standard of Review**

Judicial review of a social security case is based upon the pleadings and the transcript of the record. See 42 U.S.C. § 405(g). The scope of review is limited to determining whether the Commissioner applied the correct legal standards and whether the record, as a whole, contains substantial evidence to support the Commissioner's findings of fact. See Matthews v. Apfel, 239 F.3d 589, 592 (3d Cir. 2001) (noting that "'[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive'" (quoting 42 U.S.C. § 405(g))); Schaudeck v. Comm'r of Soc. Sec. Admin., 181 F.3d 429, 431 (3d Cir. 1999) (stating that the court has plenary review of all legal issues, and reviews the ALJ's findings of fact to determine whether they are supported by substantial evidence).

"Substantial evidence" is defined as "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate'" to support a conclusion. Plummer v. Apfel, 186 F.3d 422, 427 (3d Cir. 1999) (quoting Ventura v. Shalala, 55 F.3d 900, 901 (3d Cir. 1995)). However, a "'single piece of evidence will not satisfy the substantiality test if the [Commissioner] ignores, or fails to resolve, a conflict created by countervailing evidence.'" Morales v. Apfel, 225 F.3d 310, 317 (3d Cir. 2000) (quoting Kent v. Schweiker, 710 F.2d 110, 114 (3d Cir. 1983)). "'Nor is evidence substantial if it is overwhelmed by other evidence—particularly certain types of evidence (e.g., that offered by treating physicians)—or if it really constitutes not evidence but mere conclusion.'" Id.

2

A disability is established when the claimant can demonstrate some medically determinable basis for an impairment that prevents him or her from engaging in any substantial gainful activity for a statutory twelve-month period. See Fargnoli v. Massanari, 247 F.3d 34, 38-39 (3d Cir. 2001). "A claimant is considered unable to engage in any substantial gainful activity 'only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . .'" Id. at 39 (quoting 42 U.S.C. § 423(d)(2)(A)).

The Social Security Administration has promulgated regulations incorporating a five-step sequential evaluation process for determining whether a claimant is under a disability as defined by the Act. See 20 C.F.R. § 416.920. In Step One, the Commissioner must determine whether the claimant is currently engaging in substantial gainful activity. See 20 C.F.R. § 416.920(a)(4)(i). If so, the disability claim will be denied. See Bowen v. Yuckert, 482 U.S. 137, 140 (1987). If not, the second step of the process is to determine whether the claimant is suffering from a severe impairment. See 20 C.F.R. § 416.920(a)(4)(ii). "An impairment or combination of impairments is not severe if it does not significantly limit [the claimant's] physical or mental ability to do basic work activities." 20 C.F.R. § 416.922. If the claimant fails to show that his or her impairments are "severe," he or she is ineligible for disability benefits. If the claimant does have a severe impairment, however, the Commissioner must proceed to Step Three and determine whether the claimant's impairment meets or equals the criteria for a listed impairment. See 20 C.F.R. § 416.920(a)(4)(iii). If a claimant meets a listing, a finding of disability is automatically directed. If the claimant does not meet a listing, the analysis proceeds to Steps Four and Five.

Step Four requires the ALJ to consider whether the claimant retains the residual functional capacity ("RFC") to perform his or her past relevant work, see 20 C.F.R. § 416.920(a)(4)(iv), and the claimant bears the burden of demonstrating an inability to return to this past relevant work, see Adorno v. Shalala, 40 F.3d 43, 46 (3d Cir. 1994). If the claimant is unable to resume his or her former occupation, the evaluation then moves to the fifth and final step.

At this stage, the burden of production shifts to the Commissioner, who must demonstrate that the claimant is capable of performing other available work in the national economy in order to deny a claim of disability. See 20 C.F.R. § 416.920(a)(4)(v). In making this determination, the ALJ should consider the claimant's RFC, age, education, and past work experience. See id. The ALJ must further analyze the cumulative effect of all the claimant's impairments in determining whether he or she is capable of performing work and is not disabled. See 20 C.F.R. § 416.923.

### III. The ALJ's Decision

In her May 4, 2016 decision, the ALJ applied the sequential evaluation process when reviewing Plaintiff's claim for benefits. In particular, the ALJ found that Plaintiff had not been engaged in substantial gainful activity since the application date of October 31, 2013. (R. 18). The ALJ also found that Plaintiff met the second requirement of the sequential evaluation process insofar as she has the severe impairments of intellectual disability and an autism spectrum disorder. (Id.). The ALJ concluded that Plaintiff's impairments did not meet or equal any of the listings that would satisfy Step Three. (R. 18-20).

The ALJ went on to find that Plaintiff retained the RFC to perform a full range of work at all exertional levels, with the following non-exertional limitations:

> The claimant is limited to simple, routine, repetitive tasks
> performed in a work environment where workplace and work
> processes remain the same from day to day. She can have no
> contact with the public and she must work with things, not with
> people. She can have instruction or redirection where no
> immediate response is required unless clarification is necessary.

(R. 20-28). After finding that Plaintiff had no past relevant work, the ALJ moved on to Step Five. (R. 28).

At Step Five, the ALJ used a vocational expert ("VE") to determine whether or not a significant number of jobs existed in the national economy that Plaintiff could perform. The VE testified that, given Plaintiff's age, education, work experience, and RFC, Plaintiff could perform jobs that exist in significant numbers in the national economy, such as vehicle washer/cleaner II, church janitor, and unskilled housekeeping/cleaner jobs, excluding those in private homes and work in the hotel/motel industry. (R. 29). Accordingly, the ALJ found that Plaintiff was not disabled. (R. 29-30).

## IV. Legal Analysis

Plaintiff raises several arguments as to why the ALJ erred in finding that she was not disabled. While the Court does not reach all of the arguments set forth by Plaintiff, it does agree that remand is warranted in this case. Specifically, the Court finds that the ALJ failed to provide an adequate basis for the weight she assigned to the opinion of the consultative examining source, Steven Pacella, Ph.D., and failed to explain adequately the impact of the assessment of James Petrick, Ph.D., in determining Plaintiff's RFC. Accordingly, the record is insufficient to support the ALJ's determination of the RFC and her hypothetical question to the VE, and the Court will remand the case for further consideration.

As noted, the primary issue in this matter is whether the ALJ gave proper weight to the opinion of Dr. Pacella and the assessment of Dr. Petrick in formulating Plaintiff's RFC. RFC is

defined as the most that an individual is still able to do despite the limitations caused by his or her impairments. See Fargnoli v. Massanari, 247 F.3d 34, 40 (3d Cir. 2001). See also 20 C.F.R. § 416.945(a). Not only must an ALJ consider all relevant evidence in determining an individual's RFC, the RFC finding "must 'be accompanied by a clear and satisfactory explication of the basis on which it rests.'" Fargnoli, 247 F.3d at 41 (quoting Cotter v. Harris, 642 F.2d 700, 704 (3d Cir. 1981)). "'[A]n examiner's findings should be as comprehensive and analytical as feasible and, where appropriate, should include a statement of subordinate factual foundations on which ultimate factual conclusions are based, so that a reviewing court may know the basis for the decision.'" Id. (quoting Cotter, 642 F.2d at 705). See also SSR 96-8p, 1996 WL 374184 (S.S.A.), at *7 ("The RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations).").

Further, a hypothetical question to a VE must accurately portray the claimant's physical and mental impairments, although it need reflect only those impairments that are supported by the record. See Chrupcala v. Heckler, 829 F.2d 1269, 1276 (3d Cir. 1987). "Where there exists in the record medically undisputed evidence of specific impairments not included in a hypothetical question to a vocational expert, the expert's response is not considered substantial evidence." Burns v. Barnhart, 312 F.3d 113, 123 (3d Cir. 2002).

Here, as discussed above, the RFC contained a number of limitations to account for Plaintiff's mental impairments. However, it did not include several set forth in Dr. Pacella's opinion, specifically marked limitations in Plaintiff's ability to understand, remember, and carry out complex instructions, to make judgments on complex work-related decisions, to interact appropriately with the public, supervisors, and co-workers, and to respond appropriately to usual

work situations and to change in a routine work setting, as well as moderate limitations in her ability to understand, remember, and carry out simple instructions and to make judgments on simple work-related decisions. (R. 301-02). These additional restrictions would clearly have been relevant; when the ALJ added them to the hypothetical question to the VE, the VE indicated that such limitations would preclude any work. (R. 58-59). The only reason provided by the ALJ for discounting the limitations to which Dr. Pacella opined was that "he appeared to rely more on information from the claimant's father than his actual observation of the claimant." (R. 28). Under the circumstances of this case, this was an insufficient rationale.

It is not improper for an ALJ to consider the fact that a physician's opinion relies largely on a claimant's subjective complaints in determining how much weight to give to that opinion. In fact, "[a]n ALJ may discredit a physician's opinion on disability that was premised largely on the claimant's own accounts of her symptoms and limitations when the claimant's complaints are properly discounted." Morris v. Barnhart, 78 Fed. Appx. 820, 825 (3d Cir. 2003). See also Ford v. Barnhart, 57 Fed. Appx. 984, 987 (3d Cir. 2003). Indeed, "the mere memorialization of a claimant's subjective statements in a medical report does not elevate those statements to a medical opinion." Morris, 78 Fed. Appx. at 824-25 (citing Craig v. Chater, 76 F.3d 585, 590 n.2 (4th Cir. 1996)). However, "[i]t is generally improper for an [ALJ] to reject the findings of a consultative examiner *solely* on the ground that they are based on a claimant's subjective complaints where . . . there is nothing in the record to suggest that the consultative examiner relied more on the claimant's subjective complaints than on his or her own clinical observations." Thompson v. Astrue, Civ. No. 09-294, 2010 WL 2545543, at *9 (W.D. Pa. June 21, 2010) (emphasis in original). Therefore, while an ALJ can and should consider whether and to what

extent a doctor's opinion relied on a claimant's subjective claims, he or she must also determine whether that is, in fact, what the doctor did.

Here, the ALJ did not explain why she determined that Dr. Pacella's opinion was based more on information from Plaintiff's father than on his own observations, and there is no basis apparent to the Court for so concluding. Dr. Pacella's examination certainly included discussion with Plaintiff and her father and review of some of her prior records. However, Dr. Pacella also conducted a mental status examination, made behavioral observations of Plaintiff, and administered standardized tests to Plaintiff. (R. 295-300). Dr. Pacella did not indicate that information provided by Plaintiff or her father was more important to his analysis than his own clinical observations and/or the test results. Without some further explanation, the Court finds that the ALJ erred in simply assuming that he did.

The Court further notes that the ALJ, with no real explanation, stated that her RFC determination was supported by, *inter alia*, the assessment of Dr. Petrick. As Plaintiff points out, it is not apparent from the face of Dr. Petrick's report that it would support the RFC in this case. Indeed, in the "Impression" section of the assessment, Dr. Petrick lists numerous potential limitations and states that Plaintiff's "ability to maintain competitive employment is substantially limited." (R. 311). While the Court is not suggesting that Dr. Petrick's assessment is necessarily inconsistent with the RFC in this case, it does find that a more precise explanation as to why the ALJ found this to be so is necessary for meaningful judicial review.[1]

The Court reiterates that the ALJ is not necessarily obligated to accept any of the limitations found by Dr. Pacella or by Dr. Petrick, but she must adequately discuss the basis for

---

[1] This is particularly true given the fact that Dr. Petrick mentioned the need for work accommodations that may constitute the type that are improperly considered in determining whether there is work in significant numbers in the national economy that a claimant can perform. See SSR 11-2p, 2011 WL 4055665 (S.S.A.), at § II(D)(1)(e).

8

rejecting them if that is what she chooses to do.  The Court expresses no opinion as to whether the ALJ's RFC determination and hypothetical *could* be supported by the record.  Indeed, as the ALJ points out, the opinions of Christy Emmons, Psy.D. (R. 314-20) and state reviewing agent Sandra Banks, Ph.D. (R. 70-72), should be considered as well and arguably may lead to a different finding.  It is the need for further explanation that mandates the remand in this case.[2]

## V.     Conclusion

In short, the record does not permit the Court to determine whether the findings of the ALJ regarding Plaintiff's RFC, and the weight she afforded to the opinions of Drs. Pacella and Petrick, are supported by substantial evidence, and, accordingly, the Court finds that substantial evidence does not support the ALJ's decision in this case.  The Court hereby remands the case to the Commissioner for reconsideration consistent with this Order.

s/Alan N. Bloch  
United States District Judge

ecf:         Counsel of record

---

[2]     The Court does not reach any other issue raised by Plaintiff, but emphasizes that the ALJ should be cognizant of these issues on remand.